|  |  |
|---|---|
| JAMES EVANS, on behalf of himself and all others similarly situated ) ) ) ) ) | **United States District Court Northern District of Illinois** |
| Plaintiffs, ) ) ) | Case No.: 1:25-cv-2527 |
| v. ) ) ) | CLASS ACTION COMPLAINT |
| Rock Em Apparel Co., ) ) | AND |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

1. Plaintiff, JAMES EVANS (hereinafter "Plaintiff" or "EVANS"), brings this action on behalf of himself and all other persons similarly situated against Rock Em Apparel Co. (hereinafter "Rock Em Apparel" or "Defendant"), and states as follows:

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of Illinois.

4. Plaintiff brings this civil rights action against Rock Em Apparel for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff

and other blind or visually-impaired persons. Defendant is denying blind and visually impaired persons throughout the United States with equal access to the goods and services Rock Em Apparel provides to their non-disabled customers through https://rockemsocks.com (hereinafter "Rockemsocks.com" or "the website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (the "ADA").

5. Rockemsocks.com provides to the public a wide array of the goods, services, price specials and other programs offered by Rock Em Apparel. Yet, Rockemsocks.com contains significant access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Rock Em Apparel excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

6. The blind have an even greater need than the sighted to shop and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that blind people are excluded from experiencing transacting with Defendant's website and from purchasing goods or services from Defendant's website.

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen to rely on an

exclusively visual interface. Rock Em Apparel's sighted customers can independently browse, select, and buy online without the assistance of others. However, blind persons must rely on sighted companions to assist them in accessing and purchasing on Rockemsocks.com.

8. By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA. Such discrimination includes barriers to full integration, independent living and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons.

10. Plaintiff browsed and intended to make an online purchase of a pair of boxers on Rockemsocks.com. Despite his efforts, however, Plaintiff was denied a shopping experience like that of a sighted individual due to the Website's lack of a variety of features and accommodations. Unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use, and complete a purchase on Rockemsocks.com.

11. Because Defendant's website, Rockemsocks.com, is not equally accessible to blind and visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction to cause a change in Rock Em Apparel's policies, practices, and procedures to that Defendant's website will become and remain accessible to blind and visually-impaired consumers. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

**JURISDICTION AND VENUE**

12.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331and 42 U.S.C.

        § 12182, as Plaintiff's claims arise under Title III of the ADA, 42U.S.C. § 12182, et seq.

13.    Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts

        and continues to conduct a substantial and significant amount of business in this District, and a

        substantial portion of the conduct complained of herein occurred in this District because Plaintiff

        attempted to utilize, on a number of occasions, the subject Website within this Judicial District.

14.    Defendant is registered to do business in the State of Florida and has also been conducting

        business in the State of Illinois, including in this District. Defendant has been and is committing

        the acts or omissions alleged herein in the Northern District of Illinois that caused injury and

        violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-

        consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred

        in this District: on several separate occasions, Plaintiff has been denied the full use and enjoyment

        of the facilities, goods and services offered to the general public, on Defendant's Website in Cook

        County. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full

        and equal access multiple times in the past, and now deter Plaintiff on a regular basis from

        accessing the Defendant's Website in the future.

15.    The United States Department of Justice Civil Rights Division has recently provided "Guidance

        on Web Accessibility and the ADA." It states in part, "the Department has consistently taken the

        position that the ADA's requirements apply to all the goods, services, privileges, or activities

        offered by public accommodations, including those offered on the web."

16.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

17.   This lawsuit is aimed at providing legally blind users like the Plaintiff a full and equal experience.

## THE PARTIES

18.   Plaintiff, is and has been at all relevant times a resident of Cook County, State of Illinois.

19.   Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(l)-
      (2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq. Plaintiff, JAMES
      EVANS, cannot use a computer without the assistance of screen reader software. Plaintiff has
      been denied the full enjoyment of the facilities, goods and services of Rockemsocks.com as a
      result of accessibility barriers on Rockemsocks.com.

20.   Defendant, Rock Em Apparel Co., is a Florida Corporation doing business in this State with its
      principal place of business located at 5051 LB McLeod Road, Suite A, Orlando, FL 32811.

21.   Rock Em Apparel provides to the public a website known as Rockemsocks.com which provides
      consumers with access to an array of goods and services, including, the ability to view socks and
      boxers with a wide variety of sports team designs, pop culture and lifestyle prints, and options for
      personal customization. Consumers across the United States use Defendant's website to purchase
      socks and boxers. Defendant's website is a place of public accommodation within the definition
      of Title III of the ADA, 42 U.S.C. § 12181(7). The inaccessibility of Rockemsocks.com has
      deterred Plaintiff from making an online purchase of a pair of boxers.

## NATURE OF THE CASE

22.   The Internet has become a significant source of information, a portal, and a tool for conducting
      business, doing everyday activities such as shopping, learning, banking, researching, as well as
      many other activities for sighted, blind and visually-impaired persons alike.

23.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

24.     For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind user is unable to access the same content available to sighted users.

25.     Blind users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Job Access With Speech, otherwise known as "JAWS", is currently one of the most popular, and downloaded screen-reading software programs.

26.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.2 of the Web Content Accessibility Guidelines ("WCAG 2.2"). WCAG 2.2 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible. Many Courts have also established WCAG 2.2 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse,

ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader. Websites need to be accessible to the "least sophisticated" user of screen-reading software and need to be able to work with all browsers. Websites need to be continually updated and maintained to ensure that they remain fully accessible.

## **FACTUAL ALLEGATIONS**

27. Defendant controls and operates Rockemsocks.com in the State of Illinois and throughout the United States.

28. Rockemsocks.com is a commercial website that offers products and services for online sale. The online store allows the user to view socks and boxers, make purchases, and perform a variety of other functions.

29. Among the features offered by Rockemsocks.com are the following:

    a) Consumers may use the website to connect with Rock Em Apparel Co. on various social media platforms, including Instagram, Facebook, Twitter;

    b) An online store, allowing customers to purchase socks and boxers with a wide variety of sports team designs, pop culture and lifestyle prints, and options for personal customization, and other products for delivery to their doorsteps, and;

    c) Learning about shipping and return policies, purchase gift cards, make personal product customization, and learning about the company, amongst other features.

30. This case arises out of Rock Em Apparel's policy and practice of denying the blind access to the goods and services offered by Rockemsocks.com. Due to Rock Em Apparel's failure and refusal to remove access barriers to Rockemsocks.com, blind individuals have been and are being denied

equal access to Rock Em Apparel, as well as to the numerous goods, services and benefits offered to the public through Rockemsocks.com.

31.     Rock Em Apparel denies the blind access to goods, services and information made available through Rockemsocks.com by preventing them from freely navigating Rockemsocks.com.

32.     Rockemsocks.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: inaccurate landmark structure, inaccurate heading hierarchy, inadequate focus order, ambiguous link texts, changing of content without advance warning, unclear labels for interactive elements, the lack of adequate labeling of form fields, the denial of keyboards access for some interactive elements, redundant links where adjacent links go to the same URL address and the requirement that transactions be performed solely with a mouse.

33.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Rockemsocks.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a blind computer user). As a result, Plaintiff and blind Rockemsocks.com customers are unable to determine what is on the website, browse the website or investigate and/or make purchases.

34.     Rockemsocks.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen-readers to locate and accurately fill-out online forms. Due to lack of adequate labeling, Plaintiff and blind customers cannot make purchases or inquiries as to

Defendant's merchandise, nor can they enter their personal identification and financial information with confidence and security.

35.    When visiting the Website, Plaintiff, using JAWS, encountered the following specific accessibility issues:

a)    Plaintiff was disoriented when the automatic pop-up window appeared on the web page. Plaintiff, as a legally blind user, had significant difficulty knowing when automatic visual context change had occurred, such as a new window popping up;

b)    "Skip to content" link was not implemented. Plaintiff was not provided with the mechanism to bypass repeated blocks of content;

c)    Landmark structure was incorrectly defined. Due to repetitive landmark labels, it was difficult for Plaintiff to understand the page section they led to;

d)    Heading hierarchy was not properly defined, and there were missing heading levels. As a result, quick navigation through headings on the website did not help Plaintiff effectively find the content of interest and understand the logical structure of the home page;

e)    Plaintiff was unable to activate several interactive elements using "enter" or "spacebar" keys. The only mechanism for viewing items was the mouse;

f)    Interactive elements on the web page had inappropriate and non-descriptive name. Plaintiff could not identify the purpose of the interactive element;

g)    Plaintiff encountered links that did not describe the content of the link target. There were no details what kind of information can be found on the destination page;

h) Interactive elements that behaved as "buttons" were not programmatically written correctly. Instead of using a "role" attribute, they were built by tags such as <span>, <div>, <a>, or others. As a result, the screen reader software read the incorrectly constructed element and Plaintiff was confused, because of receiving ambiguous information about the element in focus;

i) Logo was used as link without appropriate alternative text. Plaintiff was not informed about the purpose of the graphic icon;

j) The Sort by button with drop-down menu, did not announce its state - "collapsed" or "expanded". As a result, Plaintiff had difficulty in navigating the drop-menu and could not determine in which part of the drop-down menu the keyboard focus was located or if it was skipped;

k) Plaintiff was forced to repeatedly tab through elements with the same destination: the link text of products conveyed similar information and led to the same destinations as interactive images above the links;

l) Category page used "infinite scroll", a design practice that loads content continuously as the user scrolls down the page, eliminating the need for pagination. Plaintiff was disoriented and could not navigate to the end of the page to access the footer content;

m) Unclear and ambiguous labels for form fields impeded Plaintiff from correct information input. Plaintiff was unaware of the purpose of the interactive element and could not understand what information was required;

n) Interactive elements from the website could not be focused with the Tab key. The website did not provide helpful instructions on how to access the interactive element using arrow keys. Plaintiff did not know about the interactive element from the page;

o) When opening a dialog, focus order did not move from trigger button to dialog items. Plaintiff was confused navigating through content, and encountered information in an order that is inconsistent with the meaning of the content and can be operated from the keyboard.

Consequently, blind customers are essentially prevented from purchasing any items on Rockemsocks.com.

36.     Rockemsocks.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Rockemsocks.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently navigate and/or make purchases on Rockemsocks.com.

37.     Due to Rockemsocks.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at traditional brick-and-mortar retailers. Some blind customers may require a driver to get to the stores or require assistance in navigating the stores. By contrast, if Rockemsocks.com was accessible, a blind person could independently investigate products and make purchases via the Internet as sighted individuals can and do. According to WCAG 2.2 Guideline 4. 1. 2 "Name, Role, Value", all user interface components require a

programmatically determinable name. The accessible name of interactive elements (buttons, check boxes, radio buttons etc.) enables compatibility with assistive technology, such as screen readers, screen magnifiers, and speech recognition software, used by people with disabilities. In case the accessible name is not provided, some users will not be able to identify the purpose of the form control. Thus, Rock Em Apparel has inaccessible design that deprives the Plaintiff and blind customers of the opportunity to make purchases on Rockemsocks.com on their own.

38. Rockemsocks.com thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use Rockemsocks.com and who would otherwise be able to fully and equally enjoy the benefits and services of Rockemsocks.com in Illinois State and throughout the United States.

39. Plaintiff, JAMES EVANS, has made an attempt to complete a purchase on Rockemsocks.com. On January 23, 2025, the Plaintiff wanted to purchase sports-themed apparel featuring the Chicago Bears, his favorite NFL team. He searched online for stores that sell apparel with sports team prints and discovered the Defendant's website, Rock 'Em Socks. However, he encountered several accessibility issues that made navigation difficult and inefficient. The navigational menu contained sub-menu elements that could not be activated using the keyboard. After time-consuming efforts navigating the website, he finally found the product he wanted: 'Boxers with Chicago Bears - Throwback Paint.' However, when he pressed the 'Add to Cart' button, a checkout dialog appeared but failed to receive focus. Additionally, the cart button in the navigational menu also opened the cart dialog but did not receive focus, leaving the Plaintiff confused. These accessibility issues made the navigation experience exhausting and ultimately prevented the Plaintiff from completing his purchase independently. These access barriers have caused Rockemsocks.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons.

40.     Moreover, Plaintiff will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it. Plaintiff is looking for comfortable, high-quality clothing for his active lifestyle, with a particular interest in designs featuring the NFL teams, and would like to order products to be shipped directly to his home from Defendant's website. If the Court does not intervene, Plaintiff's injury will continue. Plaintiff still wants to purchase boxers on the website. If the Court does not intervene, Plaintiff's injury will continue. Plaintiff still wants to purchase a pair of boxers on the website.

41.     As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Rockemsocks.com, contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually-impaired persons.

42.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Rockemsocks.com.

43.     Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

   (a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

   (b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

   (c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

44.     Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

45. Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits and services of Rockemsocks.com, Plaintiff and the class have suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of Defendant's conduct.

46. Defendant owed a duty of care to Plaintiff as a user of its website. Moreover, Defendant knew or should have known that there was a likelihood of harm to Plaintiff as a result of its failure to maintain an accessible website for individuals with disabilities.

47. Defendant breached that duty of care by failing to maintain an accessible website for blind individuals.

48. Defendant could reasonably foresee that the inaccessibility of its website could cause severe emotional distress in people with disabilities.

49. As a result of direct and proximate cause of Defendant's conduct, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, violation of privacy, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

## CLASS ACTION ALLEGATIONS

50. Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Rockemsocks.com and as a result have been denied access to the enjoyment of goods and services offered by Rockemsocks.com, during the relevant statutory period."

51. There are common questions of law and fact common to the class, including without limitation, the following:

(a) Whether Rockemsocks.com is a "public accommodation" under the ADA;

(b) Whether Defendant, through its website, Rockemsocks.com, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA;

52.    Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA by failing to update or remove access barriers on its Website so either can be independently accessible to the Class.

53.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

54.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

55.    Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

## **FIRST CAUSE OF ACTION**

*(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)*

56.  Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

57.  Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

58.  Rockemsocks.com is a sales establishment and public accommodation within the definition of 42 U.S.C. §§ 12181(7).

59.  Defendant is subject to Title III of the ADA because it owns and operates Rockemsocks.com.

60.  Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

61.  Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

62.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

63.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

64.     There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their websites accessible, including but not limited to ensuring adequate prompting and accessible alt-text. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

65.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 et seq., and the regulations promulgated thereunder. Patrons of Rock Em Apparel who are blind have been denied full and equal access to Rockemsocks.com, have not been provided services that are

provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

66. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

67. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Rockemsocks.com in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. and/or its implementing regulations.

68. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

69. The actions of Defendant were and are in violation of the ADA, and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

70. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**DECLARATORY RELIEF**</u>

71. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

72. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its website,

which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq."

73.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

### THIRD CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

75.     Defendant breached its duty of care owed to users of its website by failing to maintain its accessibility for blind individuals.

76.     As a direct and proximate cause of Defendant failing to maintain an accessible website, Plaintiff was unable to access Defendant's website and suffers severe emotional distress as a result of Defendants conduct.

77.     As a result of Defendant's conduct, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, violation of privacy, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a)  A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Illinois;

b)  A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Rockemsocks.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Rockemsocks.com is readily accessible to and usable by blind individuals;

c)  A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Illinois;

d)  An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

e)  Payment of nominal damages;

f)  Pre- and post-judgment interest;

g)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

h)  Punitive damages;

i)  Compensatory damages in an amount to be determined at trial;

j)  Such other and further relief as this Court deems just and proper.

Dated:  March 11, 2025

EQUAL ACCESS LAW GROUP, PLLC
*Attorneys for Plaintiff*

**/s/ David B. Reyes**
By: Davis B. Reyes, Esq.
68-29 Main Street,
Flushing, NY 11367
Tel: (630)-478-0856
Email: Dreyes@ealg.law